# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD HEIMAN,

    Petitioner,

vs.

GREG SMITH, et al.,

    Respondents.

Case No. 3:14-cv-00471-HDM-VPC

**ORDER**

    Petitioner has submitted an application to proceed <u>in forma pauperis</u> (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1  28 U.S.C. § 2244(d)(1).  If the judgment is appealed, then it becomes final when the Supreme Court
2  of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of
3  certiorari expires.  Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009).  See also Sup. Ct. R.
4  13(1).  Any time spent pursuing a properly filed application for state post-conviction review or other
5  collateral review does not count toward this one-year limitation period.  28 U.S.C. § 2244(d)(2).
6  The period of limitation resumes when the post-conviction judgment becomes final upon issuance
7  of the remittitur.  Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).  A prior federal
8  habeas corpus petition does not toll the period of limitation.  Duncan v. Walker, 533 U.S. 167, 181-
9  82 (2001).  Section 2244(d) is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645
10 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been
11 pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and
12 prevented timely filing."  Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).
13 Actual innocence can excuse operation of the statute of limitations.  McQuiggin v. Perkins, 133 S.
14 Ct. 1924, 1928 (2013).  "'[A] petitioner does not meet the threshold requirement unless he
15 persuades the district court that, in light of the new evidence, no juror, acting reasonably, would
16 have voted to find him guilty beyond a reasonable doubt.'"  Id. (quoting Schlup v. Delo, 515 U.S.
17 298, 329 (1995)).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."
18 Bousley v. United States, 523 U.S. 614, 623 (1998).  "In cases where the Government has forgone
19 more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must
20 also extend to those charges."  Id. at 624.  The petitioner effectively files a federal petition when he
21 mails it to the court.  Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  The court can
22 raise the issue of timeliness on its own motion.  Day v. McDonough, 547 U.S. 198, 209 (2006);
23 Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

1    The court takes judicial notice of the on-line dockets of the Nevada Supreme Court in
2 Heiman v. State, No. 50295,[1] Heiman v. District Court, No. 53736,[2] and Smith v. Heiman, No.
3 62003.[3]
4    After a jury trial in state district court, petitioner was convicted of one count each of
5 aggravated stalking and burglary. Petitioner appealed, and the Nevada Supreme affirmed on
6 December 2, 2008. The judgment of conviction became final for the purposes of 28 U.S.C.
7 § 2244(d)(1)(A) on March 2, 2009.
8    On January 2, 2009, petitioner mailed to this court a habeas corpus petition pursuant to 28
9 U.S.C. § 2254, Heiman v. Donat, Case No. 3:09-cv-00003-LRH-RAM. On June 22, 2009, the court
10 dismissed the petition because petitioner had not exhausted his available state-court remedies, and
11 the court entered judgment on June 23, 2009. Because this was a petition filed in federal court, it
12 was ineligible for tolling pursuant to 28 U.S.C. § 2244(d)(2)
13    Sixty-six (66) days later, on May 7, 2009, petitioner filed a petition for a writ of mandamus
14 or prohibition with the Nevada Supreme Court. On June 4, 2009, the Nevada Supreme Court
15 dismissed the petition because petitioner was challenging the validity of his judgment of conviction,
16 and he needed to present is arguments in a post-conviction habeas corpus petition filed in the state
17 district court. A notice in lieu of remittitur was issued on June 30, 2009. This court assumes that
18 that petition was eligible for tolling pursuant to 28 U.S.C. § 2244(d)(2) from the time of filing to the
19 issuance of the notice in lieu of remittitur. Blair v. Crawford, 275 F.3d 1156, 1159 (9th Cir. 2002).
20    On July 8, 2009, eight (8) days after the issuance of the notice in lieu of remittitur, petitioner
21 filed a post-conviction habeas corpus petition in state district court. The state district court
22 determined that counsel provided ineffective assistance, and it granted petitioner relief. The

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=18065 (last visited November 18, 2014).

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=21506 (last visited November 18, 2014).

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=30176 (last visited November 18, 2014).

respondents appealed. On September 18, 2013, the Nevada Supreme Court reversed and remanded, determining that counsel did not provide ineffective assistance. The remittitur issued on October 16, 2013.

On September 11, 2014, three hundred thirty (330) days later, petitioner mailed his federal habeas corpus petition to this court.

On its face, the petition is untimely. The periods not tolled pursuant to 28 U.S.C. § 2244(d)(2) of sixty-six (66) days, eight (8) days, and three hundred thirty (330) days total four hundred four (404) days, which exceeds the one-year period. Petitioner will need to show cause why the court should not dismiss the action as untimely.

IT IS THEREFORE ORDERED that the application to proceed <u>in forma pauperis</u> (#1) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED: November 25, 2014.

_____
HOWARD D. MCKIBBEN
United States District Judge